**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **TAMMY TRIPP-DANIELS, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNIVERSITY OF COLORADO HEALTH,**<br><br>**Defendant.** | **Case No. ____________________**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

# ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Tammy Tripp-Daniels—brings this action individually and on behalf of all current and former hourly employees, who were subject to a time rounding policy (collectively, "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—University of Colorado Health ("UC Health")—anywhere in the United States, at any time during the respective statutes of limitations through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time and overtime wages pursuant to Colorado Wage Claim Act, C.R.S. §§ 8-4-101–127 ("CWCA"); the Colorado Wage Rules and Regulations, 7 Colo. Code Regs. § 1103-1.1–1.8 ("CWRR") (the CWCA and CWRR are collectively referred to as the "Colorado Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Colorado state law claims are asserted as a class action under Federal Rule of Civil Procedure 23.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and a class action under FED R. CIV. P. 23 pursuant to the state laws of Colorado to recover unpaid straight time wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for UC Health at any time during the respective statute of limitations, through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period, UC Health knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, UC Health's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to employ an improper and non-neutral time rounding policy that, over time, fails to compensate the Plaintiff and Putative Collective/Class Members for all the time they have actually worked.

7. The effect of UC Health's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, UC Health has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Colorado state law.

9. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time compensation and other damages owed under the Colorado Acts as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Tripp-Daniels designated as the Class Representative of the Colorado Class.

## II.
## THE PARTIES

12. Plaintiff Tammy Tripp-Daniels ("Tripp-Daniels") was employed by UC Health in Colorado during the relevant time period. Plaintiff Tripp-Daniels did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

[1] The written consent of Tammy Tripp-Daniels is attached hereto as Exhibit "A."

13. The FLSA Collective Members are those current and former hourly employees who were employed by UC Health at any time from January 30, 2023, through the final disposition of this matter, and have been subjected to the same illegal rounding system under which Plaintiff Tripp-Daniels worked and was paid.

14. The Colorado Class Members are those current and former hourly employees who were employed by UC Health in Colorado, at any time from January 30, 2023, through the final disposition of this matter, and have been subjected to the same illegal rounding system under which Plaintiff Tripp-Daniels worked and was paid.

15. Defendant University of Colorado Health is a domestic not for profit corporation, licensed to and doing business in the State of Colorado, and may be served through its registered agent for service of process: **CT Corporation System, 7700 E. Arapahoe Rd, Ste 220, Centennial, Colorado 80112.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional Colorado state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

18. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19. This Court has general personal jurisdiction over UC Health because Colorado qualifies as its home state.

20. Venue is proper pursuant to 28 U.S.C. § 1391 in the District of Colorado because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Additionally, Plaintiff Tripp-Daniels worked for UC Health in Greely, Colorado, which is located within this district and division.

## IV.
## BACKGROUND FACTS

22. Defendant UC Health operates several healthcare facilities providing healthcare services to its patients throughout the State of Colorado.[2]

23. To provide its services, UC Health employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential classes.

24. Plaintiff and the Putative Collective/Class Members were employed by UC Health as non-exempt employees.

25. Plaintiff and the Putative Collective/Class Members' job duties include assisting UC Health's patients.

26. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout UC Health's facilities.

27. Importantly, none of the FLSA exemptions relieving a covered employer (such as UC Health) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

28. Plaintiff Tripp-Daniels was employed by UC Health in Greely, Colorado from 2010 through March 2025.

29. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies (and practices) of UC Health resulting in the complained of FLSA and Colorado state law violations.

---

[2] https://www.uchealth.org/about/

30. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all perform hourly employees on behalf of UC Health.

**Improper Non-Neutral Rounding Policy**

31. UC Health employs a policy that rounds the Plaintiff and the Putative Collective/Class Members' clock in and clock out times to the nearest fifteen-minute increment.

32. For example, when a Putative Collective/Class Member clocks in at 5:53 a.m., UC Health rounds their time up to 6:00 a.m., resulting in that Putative Collective/Class Member not being paid for the seven (7) minutes of work performed from 5:53 a.m. to 6:00 a.m.

33. Similarly, should a Putative Collective/Class Member clock in at 6:01 a.m., UC Health would round their time down to 6:00 a.m. and the Putative Collective/Class Member would be paid for one (1) extra minute.

34. To be valid, rounding policies must ensure that, over a period of time, an employee is fully compensated "for all the time they have actually worked." 29 C.F.R. 785.48. The policy must be neutral both on its face and in its application. *See Aguilar v. Mgmt. & Training Corp.*, 948 F.3d 1270, 1288 (10th Cir. 2020).

35. UC Health's rounding policy is not neutral on its face or in its application because Plaintiff and Putative Collective/Class Members are told to clock in and clock out during times that are rounded off and that they are subject to discipline should they clock in or out during a time that would benefit them. As a result of Plaintiff and the Putative Collective/Class Members clock in and out during time periods that round against them and benefit UC Health.

36. Specifically, UC Health's polices state its employees may clock in up to seven (7) minutes prior to their shift start time (which rounds against them) but are subject to discipline should they clock in eight (8) or more minutes early (which would round in their favor).

37. UC Health also states employees are subject to discipline in the form of a tardy should they clock in even one (1) minute after the start of their shift starts (which would round in their favor).

38. Taken together, UC Health's policies contains a facially non-neutral rounding policy. Employees are encouraged to clock in only during times in which their work is rounded down, benefitting UC Health. Employees are further discouraged and disciplined for clocking in during times that rounding would benefit them.

39. Plaintiff and the Putative Collective/Class Members were also regularly told by their supervisors that they must clock in no later than five (5) minutes prior to their shift start time.

40. UC Health encouraged early clock in times because, prior to the start of a shift, the Plaintiff and the Putative Collective/Class Members typically have morning team meetings or huddles. During a team meeting, the supervisor discusses the tasks the Plaintiff or Putative Collective/Class Member will handle during their shift.

41. Clocking in several minutes prior to the shift start time facilitates the pre-shift meetings, allows the Plaintiff and the Putative Collective/Class Members to know their assignments for the day.

42. This policy resulted in the Plaintiff and the Putative Collective/Class Members' regularly clocking in five (5) to seven (7) minutes before the nearest fifteen-minute increment of time, and losing those five (5) to seven (7) minutes of work nearly every shift.

43. UC Health employees are not permitted to clock in eight (8) minutes or more before their shift.

44. Clocking in eight (8) or more minutes before their shift start time would result in UC Health crediting the Plaintiff and the Putative Collective/Class Members for extra time.

45. The Plaintiff and the Putative Collective/Class Members regularly lost five (5) to seven (7) minutes of work time each shift and rarely ever gained time as a result of UC Health's rounding policy.

46. As an example, if Plaintiff Tripp-Daniels's start time was 6:00 a.m., she would be told to clock in between 5:53 a.m. to 5:59 a.m. If she clocked in during those times, her clock in time would be rounded up to 6:00 a.m. and she would not be paid for the time she spent working before 6:00 a.m.

47. Had Plaintiff Tripp-Daniels clocked in earlier than 5:52 a.m. her time would be rounded to 5:45 a.m. and she would benefit from the time rounding policy by being paid for additional work time. However, as discussed, he would be subject to discipline by UC Health for accruing unauthorized work time.

48. Similarly, had Plaintiff Tripp-Daniels clocked in at 6:01 a.m. her time would be rounded to 6:00 a.m. and she would be paid for an additional minute of work time, but also be subject to discipline in the form of tardies—which can lead to termination.

49. Because of these policies and directives from UC Health, Plaintiff and the Putative Collective/Class Members typically clocked in during times in which the rounding policy worked against them.

50. In its application, UC Health's rounding policy—over time—resulted in the failure to compensate the Plaintiff and the Putative Collective/Class Members for all hours actually worked—both compensable overtime hours and straight time hours.

51. As a result of UC Health's rounding policy and its failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and Colorado state law.

52. UC Health knew or should have known that it was (and is) not compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

53. UC Health knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

54. UC Health knew or should have known, that its rounding policy was not stated or applied in a neutral manner, where UC Health required the Plaintiff and Putative Collective/Class Members to clock in during periods which rounded against them and in favor of UC Health.

55. Because UC Health did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, UC Health's pay policies and practices willfully violated (and continue to violate) the FLSA.

56. Because UC Health did not pay Plaintiff and the Putative Collective/Class Members for all straight time hours worked, UC Health's pay policies and practices violate Colorado state law.

57. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to Colorado state law.

## V.
## CAUSES OF ACTION

### <u>FIRST CAUSE OF ACTION</u>
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

58. The preceding paragraphs are incorporated as though fully set forth herein.

59. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR UNIVERSITY OF COLORADO HEALTH, AT ANY TIME FROM JANUARY 30, 2023,**

**THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO A ROUNDING POLICY.**

60. At all material times, UC Health has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

61. At all material times, UC Health has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

62. At all material times, UC Health has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

63. Specifically, UC Health operates numerous health care facilities in Colorado, treats individuals who are domiciled in other states, purchases materials through commerce, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

64. During the respective periods of Plaintiff and the FLSA Collective Members' employment by UC Health, these individuals provided services for UC Health that involved interstate commerce for purposes of the FLSA.

65. In performing work for UC Health, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

66. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted UC Health's customers and employees throughout the United States. 29 U.S.C. § 203(j).

67. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

68. The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 59.

69. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of UC Health.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

70. UC Health violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

71. Moreover, UC Health knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

72. UC Health knew or should have known its pay practices were in violation of the FLSA.

73. UC Health is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

74. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted UC Health to pay them according to the law.

75. The decision and practice by UC Health to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

76. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

77. All previous paragraphs are incorporated as though fully set forth herein.

78. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of UC Health's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

79. Other similarly situated employees of UC Health have been victimized by UC Health's patterns, practices, and policies, which are in willful violation of the FLSA.

80. The FLSA Collective Members are defined in Paragraph 59.

81. UC Health's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of UC Health's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

82. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

83. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

84. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

85. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

86. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and UC Health will retain the proceeds of their violations.

87. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

88. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 59.

## COUNT TWO
**(Class Action Alleging Violations of the The Colorado Acts)**

### A. THE COLORADO ACTS COVERAGE

89. All previous paragraphs are incorporated as though fully set forth herein.

90. The Colorado Class is defined as:

> **ALL HOURLY EMPLOYEES WHO WORKED FOR UNIVERSITY OF COLORADO HEALTH, IN COLORADO AT ANY TIME FROM JANUARY 30, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO A ROUNDING POLICY ("Colorado Class Members").**

91. At all material times, UC Health has been an "employer" as defined by the Colorado Acts. C.R.S. § 8-4-101(6).

92. At all material times, Plaintiff Tripp-Daniels and the Colorado Class Members were UC Health's "employees" as defined within the the Colorado Acts. C.R.S. § 8-4-101(5).

93. UC Health—the "employer"—is not exempt from paying wages under the The Colorado Acts.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE THE COLORADO ACTS**

94. All previous paragraphs are incorporated as though fully set forth herein.

95. UC Health owes Plaintiff Tripp-Daniels and the Colorado Class Members "wages," as defined in the Colorado Acts, to compensate them for labor rendered to UC Health. *See* C.R.S. § 8-4-101(14).

96. The Colorado Acts requires employers, like UC Health, to pay every employee all wages and overtime accruing to the employee no later than ten (10) days after their regular pay day. *See* C.R.S. § 8-4-103.

97. The Colorado Acts also require employers, like UC Health, to pay employees overtime for hours worked in excess of twelve (12) hours in a single workday. *See* 7 Colo. Code Regs. § 1103-1:4.

98. In violation of the Colorado Acts, UC Health willfully failed to pay Plaintiff Tripp-Daniels and the Colorado Class Members all compensation for "wages" due and owing to them within the time frame required under the Colorado Acts.

99. Specifically, UC Health failed to pay Plaintiff Tripp-Daniels and the Colorado Class Members straight time and overtime wages for work performed during times that were rounded off in UC Health's favor due to the improper rounding policy on their regular pay day.

100. In violating the the Colorado Acts, UC Health acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Colorado law.

101. As a direct and proximate result of UC Healths's willful conduct, Plaintiff Tripp-Daniels and the Colorado Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including liquidated damages and reasonable attorneys' fees pursuant to the Colorado Acts. *See* COLO. REV. STAT. ANN. § 8-4-109(3)(B); § 8-4-110.

102. UC Health is in possession and control of necessary documents and information from which Plaintiff Tripp-Daniels would be able to precisely calculate damages.

103. The proposed class of putative class members sought to be certified pursuant to the the Colorado Acts is defined in Paragraph 90.

104. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of UC Health.

**C. COLORADO CLASS ALLEGATIONS**

105. Plaintiff Tripp-Daniels and the Colorado Class Members bring their the Colorado Acts claim as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by UC Health to work in Colorado since January 30, 2023.

106. Class action treatment of Plaintiff Tripp-Daniels and the Colorado Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

107. The number of Colorado Class Members is so numerous that joinder of all class members is impracticable.

108. Plaintiff Tripp-Daniels's Colorado state-law claims share common questions of law and fact with the claims of the Colorado Class Members.

109. Plaintiff Tripp-Daniels is a member of the Colorado Class, his claims are typical of the claims of other Colorado Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Colorado Class Members.

110. Plaintiff Tripp-Daniels and his counsel will fairly and adequately represent the Colorado Class Members and their interests.

111. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the Colorado Class should be certified as defined in Paragraph 90.

## VI.
## RELIEF SOUGHT

112. Plaintiff Tripp-Daniels respectfully prays for judgment against UC Health as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 59;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding UC Health liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Colorado Class as defined in ¶ 90, and designating Plaintiff Tripp-Daniels as Representative of the Colorado Class;

e. For an Order pursuant to the Colorado state law awarding Plaintiff Tripp-Daniels and the Colorado Class Members damages for unpaid wages, liquidated damages, and all other damages allowed by law;

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Tripp-Daniels a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of UC Health, at UC Health's expense, should discovery prove inadequate; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: January 30, 2026

**ANDERSON ALEXANDER, PLLC**

By: */s/ Carter T. Hastings*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 North Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and Putative Collective/Class Members***